Anna Liza GIMALAY, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 01–70700.
INS No. A70–542–947.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 16, 2003.*

Decided Jan. 27, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before HUG, ALARCÓN, and GRABER, Circuit Judges.

MEMORANDUM **

Petitioner Anna Liza Gimalay appeals from the Board of Immigration Appeals' ("BIA") decision to deny her application for asylum and withholding of deportation under sections 208 and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158, 1253(h) (1994). We have jurisdiction under former 8 U.S.C. § 1105(a), as amended by the transitional rules for judicial review in section 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996.

Ms. Gimalay argues that the BIA erred in holding that she had not demonstrated a well-founded fear of persecution on account of one of the five protected grounds and asserts that she was persecuted on account of her political opinion. In order to demonstrate eligibility for asylum or withholding of deportation, Petitioner must show that any persecution she suffered in the past, or fears in the future, occurred *on account of* her race, religion, nationality, membership in a particular social group, or political opinion. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

We must uphold the BIA's decision that an applicant was not eligible for asylum if it is supported by substantial evidence. *Id.* We may conclude that substantial evidence was lacking "only if the evidence presented by [the Petitioner] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.*

Petitioner testified that members of the New People's Army ("NPA") demanded money from her many times and threatened her repeatedly. Petitioner also testified, however, that while she lived in the Philippines she was not very active politically. She stated that she did not engage in any political activities against the NPA, nor did she make any public statements either for or against the NPA. A reasonable factfinder could conclude that any persecution of Ms. Gimalay by the NPA occurred in order to extort money from her, and not on account of her race, religion, nationality, membership in a particular social group, or political opinion.[1] Therefore, the BIA did not err in affirming the immigration judge's order.

Because Petitioner is not eligible for asylum or withholding, the petition for review of the decision is DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. In a footnote to its decision, the BIA commented as follows: "We note for the sake of completeness that [Ms. Gimalay's] father appears to be a United States citizen and ... may be eligible for a visa through that relationship." We do not reach this issue because it has not been raised in this appeal.